IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN M. GONZALES,

        Plaintiff,

v.                                                    No. 1:25-cv-00663-DHU-SCY

ROBERT DAVID PEDERSON *et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

        This case arises from proceedings in state court, impoundment of Plaintiff's motorcycle, detainment and transport of Plaintiff, and termination of parental rights. *See* Plaintiff's Formal Petition and Emergency Relief, Demand for Justice, Accountability, and Federal Intervention at 2-5, Doc. 1, filed July 14, 2025 ("Complaint"). Plaintiff asserts civil rights claims and claims pursuant to state law against state-court judges and clerks, the Gallup Police Department, the McKinley County Sheriff's Department, the New Mexico Judicial Standards and Ethics Commission, Governor Michelle Lujan Grisham, State legislators and Monica D. Guillen.[1] *See* Complaint at 2-3. Plaintiff seeks monetary damages, "dismissal of all proceedings and charges," and restoration of parental rights. *See* Complaint at 5.

        United States Magistrate Judge Steven C. Yarbrough identified the following deficiencies in the Complaint and ordered Plaintiff to show cause why the Court should not dismiss this case:

---

[1] The Complaint does not indicate whether Monica D. Guillen is a state actor or describe her actions other than stating she "[c]ommitted perjury, slander, and abuse of process leading to parental alienation, falsified state records, and obstruction of lawful remedy." Complaint at 2.

    (i)       It appears the Court may lack jurisdiction over this case pursuant to the *Younger* abstention doctrine[2] and/or the *Rooker-Feldman* doctrine[3] due to the state court proceedings.

---

[2] The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted). *Younger*, however, only applies in three "exceptional" categories of state proceedings: "when the state proceedings are (1) criminal prosecutions; (2) certain civil enforcement proceedings; or (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *3 (10th Cir. May 19, 2025) (citation modified). "If and only if the state court proceeding falls within one of these enumerated exceptional types of cases . . . *may* courts analyze the propriety of abstention under *Younger*." *Id.* (citation modified).

[3] The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. Mo's Express, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

(ii) It also appears that the Court does not have jurisdiction over Plaintiff's claims against the state-court judges, state-court clerks, Governor Michelle Lujan Grisham and state legislators ("individual State Defendants") in their official capacities due to the State's Eleventh Amendment immunity.

(iii) It appears that the injunctive relief Plaintiff seeks, "immediate dismissal" of all proceedings and charges against him and "full restoration of parental rights," is barred by the Anti-Injunction Act.[4]

(iv) It appears that Plaintiff's claims against the state-court judges and state-court clerks in their personal capacities are barred by judicial immunity.

(v) Plaintiff's Section 1983 claims against the Gallup Police Department and McKinley County Sheriff's Department fail.[5]

---

[4] The Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. 28 U.S.C. § 2283. But three exceptions exist:

1. Congress "expressly authorized" an injunction.

2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."

3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.

The Anti–Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.,* 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011). As a result, courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue. *Id.,* 131 S.Ct. at 2382.

*Tooele County v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016).

[5] "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity).

Order to Show Cause at 2-7, Doc. 3, filed July 18, 2025.  Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss this case or file an amended complaint.  *See* Order to Show Cause at 9 (notifying Plaintiff that failure to timely show cause or file an amended complaint may result in dismissal of this case).  Plaintiff did not show cause or file an amended complaint by the August 8, 2025, deadline.

> Judge Yarbrough also notified Plaintiff:
>
> Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court ... to pay a filing fee of $350 ... [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[6]  The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).
>
> Plaintiff has not paid the $405.00 fee or filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).  Plaintiff must either pay the fee or file an Application.

Order to Show Cause at 1-2.  Judge Yarbrough ordered Plaintiff to either pay the $405.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) and notified Plaintiff that "Failure to timely pay the $405.00 fee or file an Application may result in dismissal of this case."  Order to Show Cause at 9.  Plaintiff did not pay the fee or file an Application by the August 8, 2025, deadline.

The Court dismisses this case without prejudice because Plaintiff has not complied with Court Orders.  Judge Yarbrough notified Plaintiff:

> Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or

---

[6] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

Order to Show Cause at 8. Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss this case and to file an amended complaint. *See* Order to Show Cause at 9. Judge Yarbrough also ordered Plaintiff to either pay the $405.00 fee for instituting this case or file a Long Form Application to proceed *in forma pauperis*. *See* Order to Show Cause at 9. Plaintiff did not comply with either of these Orders by the August 8, 2025, deadline and did not move for an extension of time to comply with Judge Yarbrough's Orders.

Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision ... operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

> Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992)).

*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). "The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (stating "dismissal is warranted

5

when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits'") (quoting *Ehrenhaus*, 965 F.2d at 921).

The Court finds that there is no prejudice to Defendants resulting from dismissal of this case because Defendants have not appeared in this case. Plaintiff's failure to comply with Judge Yarbrough's Orders interferes greatly with the judicial process. As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"). This case cannot proceed until Plaintiff meets his burden of showing that the Court has jurisdiction over this matter. The Court cannot establish jurisdiction for Plaintiff. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record"). This case cannot proceed under federal law because Plaintiff has not paid the fee for instituting this case and has not filed a Long Form Application to proceed *in forma pauperis* which would allow the Court to authorize commencement of this case without prepayment of the fee. The Court finds Plaintiff is culpable and that other sanctions short of dismissal would likely not be effective because despite Judge Yarbrough notifying Plaintiff that failure to timely show cause, file an amended complaint and either pay the fee or file a Long Form Application may result in dismissal of this case, Plaintiff did not comply. The Court finds that dismissal without prejudice is an appropriate sanction because: (i) dismissal with prejudice is a "severe sanction, a measure of last resort;" (ii) the judicial system has a "strong predisposition to resolve cases on their merits;" and (iii) this case is in an early stage with no answers having been filed.

**Plaintiff's Emergency Petition**

Plaintiff filed an Emergency Petition for Redress, Notice of Default, and Notice of Commercial Lien, Option to Cure or Settle, with Demand for Emergency Injunctive Relief.  *See* Doc. 6, filed August 18, 2025 ("Emergency Petition").  The Emergency Petition states that multiple parties, including Judge Yarbrough, denied Plaintiff due process and breached their duties "caus[ing] irreparable harm including loss of my parental rights, financial devastation, reputational harm, emotional trauma, and denial of justice."  Emergency Petition at 4.  The Clerk's Office docketed the Emergency Petition as a motion. The Court denies Plaintiff's Emergency Petition because the Court is dismissing this case.

If Plaintiff intended that the Emergency Petition be his amended complaint, the result remains dismissal of this case because Plaintiff did not timely file the amended complaint and has not paid the filing fee or filed a Long Form Application to proceed *in forma pauperis*.

**Disqualification**

While the Emergency Petition alleges Judge Yarbrough denied Plaintiff due process and breached his statutory duties, the undersigned finds that finds that disqualification of the undersigned is not required.

Section 455 provides:

(a)     Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)     He shall also disqualify himself in the following circumstances:

(1)     Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 U.S.C. § 455(a and b(1)).

7

Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute "must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017).

> [F]ederal law instructs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "This [recusal] requirement is intended 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see id.* ("In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."); *see also* Charles Gardner Geyh & Kris Markarian, Judicial Disqualification: An Analysis of Federal Law, § II.B.1.A, at 20 (3d ed. 2020) ("Section 455(a) makes clear that judges should apply an objective standard in determining whether to disqualify."). "In other words, a judge's subjective state of mind is irrelevant; what matters is whether 'the public might reasonably believe that [the judge] *knew*' of 'facts creating an appearance of impropriety.'" *Wells*, 873 F.3d at 1251 (alteration in original) (emphasis added) (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).
>
> "In applying the [objective] test, the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."
> . . . .
>
> "In conducting this review, we must ask how these facts would appear to a *well-informed*, thoughtful and objective observer," who is "an average member of the public," not a "hypersensitive, cynical, and suspicious person." *Mathis*, 787 F.3d at 1310 (emphasis added) (quoting *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)). And courts must take into account that "cases within § 455(a) are extremely fact driven 'and must be judged on [their] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.'" *Nichols*, 71 F.3d at 351 (alteration in original) (quoting *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)); *accord Wells*, 873 F.3d at 1251.

*United States v. Martinez*, 92 F.4th 1213, 1255-56 (10th Cir. 2024) (emphasis in original).

The Court has not identified any factual grounds that would cause a reasonable, objective person, knowing all the relevant facts, to question the undersigned's impartiality. Dismissal of this

case is based solely on the deficiencies with Plaintiff's original Complaint and Plaintiff's failure to comply with Judge Yarbrough's Orders by the August 8, 2025, deadline. Consequently, the Court did not reach the merits of Plaintiff's Emergency Petition, which was filed 10 days after the August 8, 2025, deadline.

**IT IS ORDERED** that:

(i)  This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Emergency Petition for Redress, Notice of Default, and Notice of Commercial Lien, Option to Cure or Settle, with Demand for Emergency Injunctive Relief. *See* Doc. 6, filed August 18, 2025, is **DENIED.**

_____
HONORABLE DAVID H. URIAS
UNITED STATES DISTRICT JUDGE